JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **NICOLE RENEE SEURIN KUMAR ET AL.** | **Case No.  8:23-cv-00687-DOC-KES** |
|   **Plaintiffs,** | |
|   **vs.** | **DECISION ON THE ADMINISTRATIVE RECORD [22, 45]** |
| **DEPARTMENT OF HOMELAND SECURITY ET AL.** | |
|   **Defendants.** | |

  Before the Court is Plaintiffs Nicole Renee Seurin Kumar and Manish Kumar's ("Plaintiffs") action pursuant to the Administrative Procedure Act ("APA") (Dkt. 22, 45) seeking the Court's review of two United States Citizenship and Immigration Services ("USCIS") decisions: 1) the 2023 denial of Seurin Kumar's Form I-130 Petition for Alien Relative for the benefit of her noncitizen spouse Kumar and 2) the 2024 denial of Seurin Kumar's Form I-290B Motion to reopen/reconsider the 2023 petition denial. The Court heard

JS-6

oral arguments on October 21, 2024. For the reasons described below, the Court finds that the USCIS decisions were not arbitrary, capricious, an abuse of discretion, or otherwise unlawful. The USCIS decisions did not violate the APA, the Immigration and Nationality Act, or Plaintiffs' 5th Amendment Due Process Rights.

## I.    BACKGROUND

### A. Facts

Plaintiff Nicole Renee Seurin Kumar and Plaintiff Manish Kumar met in October 2015. CAR at 605. Seurin Kumar is a U.S. citizen and Kumar is a citizen of India. CAR at 408. In November 2015, Kumar violated his F-1 student visa. CAR at 605. Kumar and Seurin Kumar married on December 21, 2015. Id. On February 1, 2016, Seurin Kumar filed a Form I-130 Petition for Alien Relative on behalf of Kumar as her spouse ("Prior Petition"). *Id*. Kumar filed a Form I-485 Application to Register Permanent Residence or Adjust Status ("Prior Application"). *Id*.

On August 17, 2016 and October 13, 2016, Kumar and Seurin Kumar were interviewed by USCIS regarding the Prior Petition and Application. *Id*. at 606. Based on inconsistent statements about their relationship in the interviews, USCIS conducted a site visit on November 7, 2017 at the couple's address. *Id*. USCIS noted several issues with the site visit including that Kumar did not know where Seurin Kumar worked and that there were no photos of Kumar in the residence. *Id*. On November 28, 2018, USCIS issued a Notice of Intent to Deny the Prior Petition which stated several discrepancies. *Id*. Seurin Kumar responded with explanations for the discrepancies and submitted more documentary evidence in support of a bona fide relationship including shared bills, shared bank statements, and tax returns all showing the same address. *Id*. at 607.

On January 18, 2019, despite the Notice of Intent to Deny, USCIS approved the Prior Petition and Prior Application which provided Kumar lawful permanent residence ("LPR") status. *Id*.

JS-6

After returning from a trip abroad, Kumar was interviewed by Customs and Border Protection ("CBP") on December 20, 2020, at Chicago O'Hare Airport. CAR at 317. A CBP officer questioned Kumar primarily about his marriage to Seurin Kumar. CAR 317-328. During the interview, Kumar did not know Seurin Kumar's date of birth, his stepdaughter's date of birth, his wedding or anniversary date, or Seurin Kumar's parents' names. *See* CAR 317-328. Kumar also stated that he had not lived with Seurin Kumar since July 2020. *Id*. CBP also found several text messages in Kumar's phone showing that he and Seurin Kumar had not lived together since 2019. Kumar withdrew his application for admission at the airport and abandoned his LPR status at that time in a Record of Sworn Statement. CAR at 373-374.

On April 23, 2021, Seurin Kumar filed a second Form I-130 Petition for Alien Relative on behalf of Kumar ("Petition"). CAR at 392. Plaintiffs state that Seurin Kumar filed this Petition after Plaintiffs had reconciled. Plaintiffs' Opening Brief at 5. Defendants state that the documentation in support of the Petition was largely the same as that in the Prior Petition. Response Brief at 4. On July 12, 2023, USCIS issued a Notice of Intent to Deny the Petition stating that the marriage was not bona fide. CAR at 574. The Notice discussed information from the CBP interview with Kumar in 2020 as well as other evidence. CAR at 585. On August 12, 2023, Seurin Kumar responded to the Notice with a declaration from herself and a printout of the present action's docket. Seurin Kumar's declaration states that the couple last lived together in July 2020 and that they were intermittently together in 2019 and 2020. CAR at 334.

On September 22, 2023, USCIS denied the Petition. CAR at 23. The denial relied on but was not limited to the following facts:

- The couple met in October 2015 and married December 21, 2015 after Kumar's F-1 visa expired in November 2015. CAR at 24.

- Kumar and Seurin Kumar gave discrepant testimony about their relation in the August 17, 2016 and October 13, 2016 interviews. CAR at 25.

- At the November 7, 2017 site visit, Kumar stated that he did not know where Seurin Kumar worked and that he, Seurin Kumar, and her daughter lived in one bedroom while her father lived in the other. There were no photos of Kumar in the home.

JS-6

There was a large number of boxes in the garage and Kumar did not know what was in them. CAR at 25.

- A Notice of Intent to Deny was issued on November 28, 2018 for the couple's first Petition. That Notice explained various discrepancies in the couple's testimony at the 2016 interviews. CAR at 25.

- The CBP interview with Kumar on December 20, 2020 included responses from Kumar that he did not recall his wife's birth date or his stepdaughter's birth date, that he incorrectly stated his marriage date, and that he moved out and no longer lived with Seurin Kumar as of July 2020. The CBP also called Seurin Kumar and she was unable to provide Kumar's date of birth. CAR 27-28.

- Text messages from Kumar's phone discovered on November 11, 2020 by CBP included texts from 2019 showing that he did not live with Seurin Kumar, that they were in relationships with other people, that they discussed divorce, that Kumar's mother was trying to arrange relationships with other women for him. One text on June 4, 2019 from Seurin Kumar to Kumar stated "Even tho u moved. They still need to think u are here." Other texts between the couple discussed picking up mail, moving, and paying bills. CAR at 28-34.

- Kumar told CBP that the couple had an open relationship but that they did not disclose this to adjudicators at the 2016 interviews. CAR at 35.

- CBP determined after interviewing Kumar that he had engaged in marriage fraud. Kumar signed a Form I-407, Record of Abandonment of Lawful Permanent Resident Status, at a U.S. Port of Entry. CAR at 34.

On October 24, 2023, Seurin Kumar filed a Form I-290B Motion to Reopen and/or to Reconsider ("Motion") the USCIS decision on the Petition. CAR at 38-40. On February 9, 2024, USCIS denied the Motion and concluded that the evidence submitted did not support a bona fide marriage and there was no evidence to show the couple acted married from the time Kumar gained LPR status to the time Kumar abandoned his LPR status. CAR at 622.

JS-6

**B. Procedural History**

Plaintiffs filed the Complaint on April 20, 2023 (Dkt. 1). A First Amended Complaint was filed by Plaintiffs on March 13, 2024 (Dkt. 22). The Parties did not file summary judgment motions because the Parties agreed that there were not disputed facts and that it was appropriate for the Court to decide the legal issues based on the Certified Administrative Record alone. Joint Rule 26(f) Report at 2 (Dkt. 36). Accordingly, the Certified Administrative Record was filed on June 10, 2024 (Dkt. 44). Plaintiffs' Opening Brief was filed July 17, 2024 (Dkt. 45). Defendants filed their Response Brief on August 14, 2024 (Dkt. 48). Plaintiffs filed their Reply Brief on August 30, 2024 (Dkt. 49). The Court heard oral arguments on October 21, 2024.

**II.     STANDARD OF REVIEW UNDER THE APA**

The review of a final agency action is governed by the Administrative Procedure Act ("APA") under an "arbitrary and capricious" standard. 5 U.S.C. § 706(2)(A); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1401 (9th Cir. 1995). In short, an agency's decision should be overturned if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id*. In evaluating whether an agency's decision meets this standard, "[courts] ask whether the agency 'considered the relevant factors and articulated a rational connection between the facts found and the choice made.'" *Natural Res. Def. Council v. U.S. Dep't of the Interior*, 113 F.3d 1121, 1124 (9th Cir. 1997) (quoting *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of the Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990)). The standard is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir. 2000). **"**A court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision.**"** *Fed. Commc'ns Comm'n v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021)**.**

Under the APA, the district court's review is usually limited to the administrative record. 5 U.S.C. § 706; *see also Cnty. of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999)

JS-6

(when reviewing final agency action, the district court is not managing a "garden variety civil suit," but rather "sits as an appellate tribunal").

Plaintiffs assert that the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), compels this Court to afford the agency decisions less deference than under past precedent. However, *Loper* instructed lower courts not to defer to agencies' permissible interpretations of statutes simply because the statute is ambiguous. *Loper* did not change traditional deference to agency fact-finding. *Id*. at 2261. And here, this Court does not review an agency's interpretation of law. Thus, *Loper* does not alter the standard of review in this case.

## III.   DISCUSSION

Plaintiffs argue that USCIS violated the APA by denying Seurin Kumar's 2023 Petition and 2024 Motion to Reopen/Reconsider. *See generally* Plaintiffs' Opening Brief (Dkt. 45). Plaintiffs also assert that Defendants violated their 5th Amendment rights to procedural due process. Plaintiffs seek reopening and approval of the Motion and Petition. Plaintiffs' Opening Brief at 8.

The petitioner, here Seurin Kumar, bears the burden of showing by the preponderance of the evidence that eligibility requirements are met in the visa petition. *See* 8 U.S.C. § 1361; *Matter of Brantigan*, 11 I & N Dec. 493 (BIA 1966).

### A.  The 2023 Denial of the Marriage Petition

The core of Plaintiffs' argument is that the 2023 denial of the Petition on the grounds that their marriage is not bona fide cannot possibly be reasonable or lawful given that USCIS already approved the Prior Petition which required finding a bona fide marriage. Plaintiffs argue that the denials were the result of USCIS ignoring and misreading the evidence before it. Plaintiffs' Opening Brief at 13.

Plaintiffs are correct that the standard for a bona fide marriage is that the couple intended to establish a life together at the time they were married. *Damon v. Ashcroft*, 360 F.3d 1084, 1089 (9th Cir. 2004). *See* Plaintiffs' Reply Brief at 7. A marriage is bona fide if it was

JS-6

not fraudulent or a sham at its inception. *Dabaghian v. Civiletti*, 607 F.2d 868, 869 (9th Cir. 1979). Evidence that the couple separated is "relevant to ascertaining whether they intended to establish a life together when they exchanged marriage vows. But evidence of separation, standing alone, cannot support a finding that a marriage was not bona fide when it was entered." *Bark v. Immigr. & Naturalization Serv.*, 511 F.2d 1200, 1202 (9th Cir. 1975).

If USCIS had based its denial on the fact that the couple separated alone, the decision would likely be arbitrary and unlawful. However, that is not the case here. The record shows that USCIS based its decision in part but not in whole on the couple's admitted separation. The denial of the Petition contained facts from the 2016 interviews and the 2017 site visit that contradicted a bona fide marriage and were not about the couple's later admitted separation. Those facts, which were also cited in the 2018 Notice of Intent to Deny, included the timing of Plaintiffs' marriage soon after meeting and Kumar's visa expiration, the lack of photos of Kumar in the home, and Kumar not knowing where his wife worked. The denial also relied on facts related to the couple's separation including evidence that the couple was separated as early as 2019 even though they stated they separated in 2020. Additionally, the denial noted that in 2020 Kumar did not know his wife's or stepdaughter's birth dates or his wedding date. Thus, USCIS did not solely rely on the fact that the couple separated after marriage.

In addition to the facts that contradict a bona fide marriage and analysis of those facts, USCIS articulated in its denial the evidence that Plaintiffs submitted to support the marriage over the years. USCIS concluded that despite that evidence, a bona fide marriage was not supported. USCIS stated that it appeared to be a marriage of convenience, that text messages showed it appeared to be a transactional relationship rather than a valid marital relationship, and that Kumar's mother appeared to be arranging a marriage for him abroad. CAR at 34.

Plaintiffs argue that Seurin Kumar provided documentation showing "each form of the evidence listed by USCIS was satisfied." Plaintiffs' Opening Brief at 15. Plaintiffs also take issue with the USCIS statement in the Petition denial: "Although your record contains numerous documents in support of a bona fide marriage, it appears the evidence was created to give the appearance of a bona fide marriage rather than an actual bona fide marriage."

JS-6

Plaintiffs' Opening Brief at 16 (quoting CAR at 617). Plaintiffs argue this statement is contradictory, violates the preponderance of evidence standard, and shows that USCIS misinterpreted the evidence.

However, the record supports that USCIS considered all the evidence and was not ultimately persuaded by it. The submission of documents that tend to support a bona fide marriage does not guarantee approval of a petition if there is other evidence that reasonably contradicts a bona fide marriage. USCIS is permitted to find that, despite the documentary evidence submitted such as leases and tax returns, the totality of the evidence did not support a bona fide marriage. The Court must respect USCIS's weighing of the evidence if it is reasonable. Here, USCIS found that "the evidence was created to give the appearance of a bona fide marriage rather than an actual bona fide marriage." CAR at 34. After reviewing the record, the Court finds that this conclusion from the facts was within the "zone of reasonableness" and USCIS "reasonably explained" the decision in the denial of the Petition. *Fed. Commc'ns Comm'n v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021).

Finally, Plaintiffs argue that USCIS used the wrong standard of proof in assessing the Petition. They state that the standard of proof necessary to deny a marriage-based petition based on marriage fraud is "substantial and probative evidence." Plaintiffs' Opening Brief at 12 (citing *Matter of P. Singh*, 27 I & N Dec. 598, 602-604 (BIA 2019)). However, Defendants respond that USCIS did not invoke the marriage fraud bar under U.S.C. § 1154(c) and instead denied the Petition because Seurin Kumar did not meet her burden to show by the preponderance of the evidence that the marriage was bona fide. Defendants' Response Brief at 9. Indeed, the denial of the Petition does not include the marriage fraud bar which would automatically result in any future visa petitions for Kumar being denied. *Matter of P. Singh*, 27 I & N Dec. 598, 611. Thus, USCIS properly applied the standard of proof and was not required to meet the "substantial and probative evidence" standard.

**B.  The 2024 Denial of the Motion to Reopen/Reconsider**

Plaintiffs argue that the denial of the Motion to Reopen and Reconsider was "nonsensical" and an abuse of discretion. Plaintiffs' Opening Brief at 17, 19. Plaintiffs contend

JS-6

that the decision on the Motion ignored Seurin Kumar's declaration, but the Motion decision states that it will not consider the affidavit because it was the same affidavit submitted after the Notice of Intent to Deny and therefore is not new evidence. Plaintiffs argue that the affidavit was not considered in the Petition denial, but the record shows USCIS did address the affidavit. CAR at 35-36.

Plaintiffs also argue that the Motion denial wrongly relied on evidence from Kumar's 2020 CBP interview, used the wrong standard of proof, and should have presumed a bona fide marriage from the Prior Petition approval. Plaintiffs' Opening Brief at 18-19. These arguments are unavailing. USCIS reasonably relied on probative evidence from the 2020 CBP interview including text messages showing that Plaintiffs did not live together and did not appear to be in a relationship during the times that they had previously stated they were. As discussed above, USCIS used the correct standard of proof. And finally, Plaintiffs fail to provide authority for the proposition that they were entitled to a presumption of a bona fide relationship because their Prior Petition was approved. Here, USCIS was confronted with new evidence when reviewing the second Petition that reasonably caused it to make a different decision than the Prior Petition.

USCIS's decision to deny the Motion explained its rationale and reached a reasonable conclusion. It detailed the numerous contradictions in Plaintiffs' record and analyzed new evidence submitted. Critically, USCIS found that there was no evidence showing that Plaintiffs existed as a couple and had shared experiences after Kumar gained LPR status and before Kumar lost his LPR status. Facts in the record reasonably support the conclusion that "the evidence was created to give the appearance of a bona fide marriage." CAR at 622. Thus, the denial of the Motion did not violate the APA or another law.

## C. Plaintiffs' Fifth Amendment Claim

Plaintiffs' APA arguments form the basis of their constitutional arguments. Plaintiffs argue that "USCIS's denial of the Marriage Petition and dismissal of the Administrative Motion ignored the rights of Plaintiffs to due process." Plaintiffs' Reply Brief at 14. Plaintiffs specifically assert that Defendants did not explain 1) why there was a difference in the burden of proof and standard of proof between the Prior Petition and this Petition; 2) why evidence

JS-6

from the 2020 interview of Kumar by CBP was reliable given that it was "coerced;" 3) why Seurin Kumar's declaration filed in response to the Notice of Intent to Deny and used in her Motion was "ignored." Plaintiffs' Reply Brief at 14-15. The Court will address each of these issues in turn.

First, the Court already addressed Plaintiffs' argument about the correct standard of proof and burden. As discussed above, the heightened standard for marriage fraud does not apply here because USCIS did not invoke marriage fraud in its decisions. There was not a difference in standard or burden of proof between the first and second Petitions.

Second, there is no evidence of coercion from CBP's 2020 interview with Kumar in the Certified Administrative Record. Plaintiffs argue that the interview is not reliable because Kumar had just been on a fifteen-hour international trip, was held in CBP custody for twelve hours, and Kumar was "coerced into abandoning his LPR status without being told an immigration judge could actually reverse CBP's inadmissibility finding." Plaintiffs' Reply Brief at 15. Again, Plaintiffs put forth no evidence of coercion. Moreover, much of the evidence that USCIS relied on from Kumar's CBP interview was in the form of text messages on his phone from years prior.

Third, USCIS repeatedly addressed Seurin Kumar's declaration submitted in response to the Notice of Intent to Deny in its denial of the Petition. CAR at 35-36. During oral argument on October 21, 2024, counsel for Plaintiffs argued that USCIS did not discuss the contents of Seurin Kumar's declaration, but USCIS did. For example, USCIS stated "in the affidavit…you indicated that you and the beneficiary started having trouble in your relationship in 2017 with the death of your friend and due to your medical diagnoses" but that Seurin Kumar did not submit documentation to support this explanation. CAR at 35-36. Seurin Kumar did submit supporting documentation with her subsequent Motion. But USCIS explained in its denial of her Motion that the new evidence submitted still did not show signs of a relationship after Kumar became an LPR and before Kumar lost his LPR status. CAR at 622. Even though Seurin Kumar provided some information that may have satisfied one of USCIS's requests, ultimately the concerns were still not satisfied. In its denial of the Petition, USCIS also stated, "In

JS-6

response to the NOID, you did not submit any evidence to support your claim that you and the beneficiary resided together from January 2016-July 2020 and your text messages with the beneficiary contradict your statement." CAR at 35. As stated by Plaintiffs' counsel during oral argument, Seurin Kumar's declaration provided an "alternate explanation" for the lack of evidence of a relationship during the period from Kumar gaining to losing LPR status. USCIS is not required to accept this explanation but must consider it. The record shows that it was reasonably considered with the rest of the evidence before USCIS. Again, USCIS reasonably found that the evidence *as a whole* did not support a bona fide relationship and so did not reopen or reconsider the decision.

Finally, based on the record, USCIS provided rational explanations for its decisions which were reasonably based on the facts before it. Given that USCIS acted reasonably, did not violate the APA, or any other law, there is no basis for the Plaintiffs' procedural due process claims.

Thus, the Court does not find that Plaintiffs' complaints amount to constitutional violations of due process.

## IV.     DISPOSITION

For the foregoing reasons, the Court finds that the USCIS decisions were not arbitrary, capricious, an abuse of discretion, or otherwise unlawful; and thus, the USCIS decisions did not violate the APA. The Court also finds that the USCIS decisions did not violate Plaintiffs' due process rights under the 5th Amendment. The Court accordingly **DENIES** Plaintiffs' requested relief and enters judgment in favor of Defendants.

DATED: October 24, 2024

_David O. Carter_
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE